West'n Dis'et
October, 1826.

*DOUGLASS & AL. vs. CURTIS.*

APPEAL from the court of the sixth district.

When judgment is given against a defendant in a representative capacity, but this fact is not mentioned in it, recording the judgment will not give a lien on the property of the principal.

PORTER, J. delivered the opinion of the court. The plaintiffs after the death of John Curtis, sued his widow for a sum of money due to them, and obtained judgment which they had duly recorded. In the petition on which this judgment was rendered, they state that since the execution of the note Curtis had deceased, leaving a widow, Nancy Curtis, who had taken upon herself the administration of the estate, and who had accepted of the said succession, which is more than sufficient to pay the debts, in her capacity of widow, and as natural tutrix to her minor children, heirs of the said John Curtis.

The answer was put in, in her individual capacity and the judgment condemns her in the same character.

In the petition filed in this cause, the petitioners state, that by virtue of this judgment, which was duly rendered, they had obtained a mortgage "on all the real estate then in the possession of the widow, as well such as she held in her own right, as that held as widow and natural tutrix, belonging to the suc-

West'n Dis'et
*October* 826.

Douglas & al
*vs.*
Curtis.

cession of her husband, the late John Curtis, having accepted the succession purely and simply, and having made herself liable for the payment of all the debts of the community, and held the said estate in the same manner in which it was at the death of the husband."

They proceed to state that at the time the said judgment was rendered and recorded, and for some time thereafter, the said widow held a number of slaves belonging to the succession of the said John i urtis, upon which the judgment operated as a lien or mortgage : that several of them had come into thé possession of the defendant in this suit, who refuses either to pay the debt, or surrender the property to be sold. They conclude by prayiug that the slaves may be sold.

The defendant pleads, first, the general issue : second, that the plaintiffs had a special mortgage on sundry slaves, of which John Curtis had seized, and which, after his death, were sold at probate sale for an amount more than sufficient to pay the plaintiffs' demand, and which they are obliged to discuss : third, that he holds the negroes, mentioned in the plaintiffs' petition,

Vol. V. N. S.         15

under a *bona fide* sale from the sheriff, acting in his official character, for a valuable consideration, who, at the time of sale, produced a certificate from the parish judge, that the slaves were free from mortgage.

The court of the first instance gave judgment for the defendant, and the plaintiffs appealed.

Nothing in the evidence, as it appears on record, sustains the plea of discussion. The facts alleged in the petition are supported by proof; and the only questions which the case presents are those of law.

The first ground of defence assumed by the defendant, is, that the judgment as recorded in the office of the register of mortgages for the parish of Rapides, gave no mortgage on the property on which the plaintiffs now seek to make it attach. The judgment is in the following words: *"Douglass & Cage* vs. *Nancy Curtis.* By reason of the law, and evidence being in favor of the plaintiffs, it is ordered and adjudged, that they recover from the defendant the sum of two thousand and fifty dollars, with five per cent. interest per annum from the 1st March

last until paid, and costs of suit to be taxed. May 27, 1820. (Signed)

WM. MURRAY, *Judge 6th district.*"

The property which the plaintiffs pray may be seized and sold to satisfy this judgment, is stated in the petition to have *belonged to the succession of John Curtis,* and the question therefore is, whether a judgment recorded against *Nancy Curtis,* operated as a mortgage on the property *of the succession of John Curtis.*

On the first view of this question, it appears extremely clear, and there is scarcely any legal mind to which it was proposed, that would not at once answer it in the negative. But the solution becomes more difficult when we recur to the pleadings of the case in which this judgment was rendered.

By them we find that the defendant, Nancy Curtis, was sued on an obligation made by her deceased husband, John Curtis. In the petition it is stated that she had taken on herself the administration of his estate : that in her capacity of widow, and as natural tutrix to her minor children, she had been requested to pay the said debt which she had refused to do: judgment was there-

fore prayed against her for the amount of the obligation.

In consequence of these averments the plaintiffs contend, that the defendant was sued as representative of the estate of her deceased husband—that although the judgment makes no mention of the fact, yet, as it is general in its terms, it must be understood to follow the obligation it enforces: that it was therefore, in fact, a judgment against the estate; and that if the property now sued for, would have been liable to be seized in satisfaction of it, in the hands of the defendant, it must be equally so in the hands of those into whose possession it has passed. *U. States* vs. *Hawkins, vol.* 4, 317, *Baudin* vs. *Dubourg* & *Baudin, ib.* 496.

This reasoning is certainly specious, but it is not sound. The proposition that the judgment must have the same force against the property of the defendant, purchased by third persons, that it would have had on that property, if it had remained in his possession, is only true, where it has been registered according to law, and in such terms as will give notice to third parties of the ien that exists on it.

This position will appear true on the slightest reflection. The object of registry laws, is the protection of good faith in those who, after the rendering of the judgment, may wish to purchase the property of defendant, or find it necessary to acquire liens on it. Now if the language in which the recorded judgment is drawn up, does not indicate the person really condemned by it, but that fact can only be ascertained by considering the judgment in reference to the pleadings, it is evident that enregistering the judgment without the pleadings, gives no notice to the world, of the party whose property is affected by it. In the instance before us, the judgment would not have authorized an execution against the estate of John Curtis, unless taken in connexion with the allegations in the petition; and if it would not have authorised an execution, it cannot be considered as operating as notice to third parties, when recorded in another office. Persons looking there would have found nothing to inform them that there existed any lien on the property of the real defendant: nor any thing which even could have excited suspicion, or put them on en-

quiry; for a judgment rendered against **A.** affords no intimation that if a further search is made in another place, it will be discovered that the judgment is against **B.** And even if it had, we are not prepared to say it was the duty of a third purchaser to look beyond the office of mortgages, that being the place where the law requires explicit notice should be given. But as the record here contained nothing to put the defendant on enquiry, that point need not be settled.

If it were held that purchasers were bound by judgments, registered as that now before us, then, on the same principle, the recorder of mortgages, who would certify according to the record in his office, would be liable to them, on an action, for the injury suffered through his error. To this action it would certainly be a good defence, that the judgment rendered gave him no information to the contrary. And it would not be a good answer to this defence, that if he had gone to the court where the judgment was recorded, and examined the pleadings, he would have ascertained that this decree was against a party in a representative capacity, and not in a personal. The law im-

poses no obligation on him to examine in the offices where the copy of the judgment can be found. It is sufficient for him to record it as presented, and he cannot be considered to err in not knowing that the mortgage was on property other than that which it purported to be. If the plaintiff had intended that the judgment should be rendered, and operate as a mortgage on the property of the deceased, the decree should have been expressed against the defendant as representative of the estate of John Curtis.

This opinion renders it unnecessary to examine the other questions raised in the cause, and it is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Baldwin* for the plaintiffs, *Thomas* for the defendant.